UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ZELOUF INTERNATIONAL CORP.,

Plaintiff,

-against-

ADRIANNA PAPELL, LLC, AMAZON.COM, INC., and MACY'S, INC.,

Defendants.

No. 1:26-cv-00258 (DLC)

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Zelouf International Corp. ("Zelouf" or "Plaintiff") and Defendants Adrianna Papell, LLC ("Adrianna Papell"), Amazon.com, Inc. ("Amazon"), and Macy's, Inc. ("Macy's") (collectively, "Defendants," and together with Plaintiff, the "Parties," and each a "Party") believe that discovery in the above-captioned action (the "Action") may involve the disclosure of trade secrets or other confidential research, development, financial and/or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including non-public sales, cost, and profit data, customer and supplier information, textile design and product-development materials, and licensing information;

WHEREAS, the Parties, through counsel, have conferred and agree that good cause exists for the entry of this Stipulated Protective Order (the "Order") to facilitate the exchange of discovery while protecting such information from unauthorized disclosure or use;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their undersigned counsel, and subject to the approval of the Court, as follows:

1. **Scope.** This Order governs all documents, electronically stored information, interrogatory answers, responses to requests for admission, deposition testimony and transcripts, expert disclosures and reports, inspection of premises or things, and all other materials or information produced, served, or otherwise disclosed in the Action by any Party or non-party (collectively, "Discovery Material"), including all copies, excerpts, abstracts, summaries, and compilations thereof. The Party or non-party producing Discovery Material is the "Producing Party"; the Party or non-party designating Discovery Material under this Order is the "Designating Party"; and a Party receiving Discovery Material is the "Receiving Party."

2. **Tiers of Protection.** A Designating Party may designate Discovery Material under one of two tiers of protection: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"). Each designation constitutes a certification by counsel for the Designating Party, subject to Rule 26(g) of the Federal Rules of Civil Procedure, that the designation is warranted under the standards set forth in this Order.

3. **Confidential Information.** "Confidential Information" means Discovery Material that the Designating Party reasonably and in good faith believes constitutes or contains non-public proprietary, commercially sensitive, financial, technical, or personal information that qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure. Discovery Material may not be designated under any tier of this Order if it: (a) is or becomes part of the public domain through no act or omission of the Receiving Party; (b) was lawfully in the Receiving Party's possession without obligation of confidentiality before production; (c) is lawfully received by the Receiving Party from a third party having the right to disclose it without restriction; or (d) was independently developed by the Receiving Party without use of protected Discovery Material.

4. **Highly Confidential – Attorneys' Eyes Only: Heightened Standard.** The AEO designation is reserved for the narrow subset of Confidential Information whose disclosure even to a Party's own personnel would create a substantial risk of serious competitive or commercial injury. The AEO designation is an extraordinary designation, and the Parties agree it shall be used sparingly. A Designating Party may designate Discovery Material AEO ("AEO Information") only if counsel for the Designating Party determines in good faith, after review of the specific material, that each of the following criteria is satisfied:

(a) the material constitutes a trade secret or falls within one or more of the following categories: (i) current or forward-looking non-public financial data, including sales, revenue, cost, profit, and margin information at the product, style, customer, or account level; (ii) non-public customer or supplier identities, lists, or purchase histories; (iii) non-public pricing, discount, rebate, or payment terms; (iv) unreleased or in-development product designs, artwork, or textile design files, and non-public design-development records; (v) royalty rates and other non-public terms of license, supply, or distribution agreements; or (vi) current or forward-looking strategic, marketing, financial, or business plans;

(b) disclosure of the material to the Receiving Party's officers, directors, employees, or other personnel is substantially likely to cause specific and serious competitive or commercial injury to the Designating Party or to a non-party whose information is contained in the material, taking into account the nature of any commercial relationship between the Receiving Party and the Designating Party, including whether and to what extent they compete;

(c) the risk of such injury cannot adequately be avoided by designation of the material as CONFIDENTIAL together with the use and disclosure restrictions of this Order; and

(d) the designation is applied only to those specific documents, pages, or portions of Discovery Material that satisfy subparagraphs (a) through (c).

Mass, indiscriminate, blanket, or routinized AEO designations are prohibited. A document may not be designated AEO in its entirety where only portions of it qualify, unless redaction or excerpting is impracticable. Historical or stale information, information already known to the Receiving Party, and information whose sensitivity has materially diminished with the passage of time shall not be designated AEO. Upon the written request of a Receiving Party identifying specific AEO-designated material, the Designating Party shall, within seven (7) days, state in writing the category under subparagraph (a) applicable to the material and the specific basis for its determinations under subparagraphs (b) and (c); a failure to provide such a statement within that period shall require the Designating Party to re-designate the identified material as CONFIDENTIAL unless the Court orders otherwise.

**5. Identification of Discovery Material.** Documents and ESI produced in the Action after the entry of this Order, whether by a Party or a non-party, shall bear a unique Bates number that includes a prefix identifying the Producing Party (e.g., "ZIC," "AP," "AMZ," or "MACYS"), imprinted on each page of material produced in paper or image form and, for

material produced in native format, assigned one number per file and reflected in the file name or on an accompanying slip-sheet. Any re-production or corrected production of previously produced material shall retain the original Bates numbers. Material produced before the entry of this Order need not be re-produced and shall not be deemed deficient by reason of this Order; within fourteen (14) days after entry, however, the Producing Party shall either re-produce such material with Bates numbers or serve an index assigning a Bates number to each previously produced file, and the material may thereafter be identified by those numbers. Any challenge, request, or notice made under this Order shall identify the material at issue with reasonable particularity — by Bates number or range where one has been assigned; by file name and production date where it has not; and, for testimony, by page and line. Nothing in this Paragraph limits any Party's rights under Federal Rule of Civil Procedure 34(b) with respect to the form of production, or any Party's right to seek relief from the Court concerning the form of any production.

6. **Manner of Designation.** Designation shall be made, to the extent practicable, prior to or at the time of production: (a) for documents and ESI produced in image or paper form, by stamping or affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page containing protected material; (b) for material produced in native format, by including the applicable legend in the file name or on an accompanying slip-sheet and in the production metadata; (c) for interrogatory answers and responses to requests for admission, by placing the applicable legend on the specific responses containing protected material; and (d) for tangible things or inspections, by written notice at or before the time of production or inspection. Designations shall be narrowly tailored to the protected material.

7. **Deposition Testimony.** Deposition and other pretrial testimony may be designated by a statement on the record during the testimony or by written notice served on all Parties, identifying the designated testimony by page and line, within thirty (30) days after the Designating Party's receipt of the final transcript. The entire transcript shall be treated as AEO during that thirty (30)-day period, after which only testimony specifically designated shall retain protection. Designation of an entire transcript is prohibited unless the entire transcript satisfies the standard for the applicable tier. Counsel may exclude from the relevant portion of a deposition any person not entitled under this Order to access testimony concerning material designated at the deposition.

8. **Access to Confidential Information.** Discovery Material designated CONFIDENTIAL, and the information contained therein, may be disclosed only to:

(a) the Parties, including officers, directors, in-house counsel, and employees of a Party to whom disclosure is reasonably necessary for the prosecution, defense, or settlement of the Action;

(b) counsel of record for the Parties in the Action, and the attorneys, paralegals, and clerical and support staff of their respective firms;

(c) experts and consultants in accordance with Paragraph 10;

(d) the Court, court personnel, and any jury in the Action;

(e) court reporters, stenographers, and videographers recording testimony in the Action;

(f) professional litigation-support, e-discovery, copying, translation, and graphics vendors retained in connection with the Action, provided each vendor first executes the Acknowledgment attached as Exhibit A;

(g) witnesses and deponents in the Action to whom disclosure is reasonably necessary, provided the witness first executes the Acknowledgment attached as Exhibit A or agrees on the deposition record to be bound by this Order;

(h) the author, addressee, or any person shown on the face of the material to have lawfully received a copy of it prior to the Action;

(i) any mediator or settlement officer engaged in the Action, and their staff;

(j) insurers with actual or potential obligations to indemnify or defend a Party with respect to the Action, and their counsel and claims personnel; and

(k) any other person with the prior written consent of the Designating Party or by order of the Court.

**9. Access to AEO Material.** Discovery Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the information contained therein, may be disclosed only to:

(a) counsel of record for a Receiving Party in the Action, and the attorneys, paralegals, and clerical and support staff of their respective firms;

(b) experts and consultants in accordance with Paragraph 10;

(c) the Court, court personnel, and any jury in the Action;

(d) court reporters, stenographers, and videographers recording testimony in the Action;

(e) professional litigation-support, e-discovery, copying, translation, and graphics vendors retained in connection with the Action, provided each vendor first executes the Acknowledgment attached as Exhibit A;

(f) the author, addressee, or any person shown on the face of the material to have lawfully received a copy of it prior to the Action;

(g) during deposition, hearing, or trial testimony, any witness who authored or previously lawfully received the material, or who is a current officer, director, employee, or Rule 30(b)(6) designee of the Producing Party;

(h) any mediator or settlement officer engaged in the Action, and their staff;

(i) any other person with the prior written consent of the Designating Party or by order of the Court; and

(j) not more than two (2) designated representatives of each Receiving Party, who may include in-house counsel, and only as to AEO material falling within Paragraph 4(a)(i) (financial data), Paragraph 4(a)(iii) (pricing, discount, rebate, or payment terms), and Paragraph 4(a)(v) (royalty rates and other terms of license, supply, or distribution agreements). AEO material falling within Paragraph 4(a)(ii) (customer or supplier identities, lists, or purchase histories), Paragraph 4(a)(iv) (product designs, artwork, textile design files, and design-development records), or Paragraph 4(a)(vi) (strategic, marketing, financial, or business plans) shall not be disclosed under this subparagraph. Each designated representative shall be identified to all Parties in writing by name and title not less than seven (7) days before any disclosure, and shall execute the Acknowledgment attached as Exhibit A before receiving any AEO material. A Designating Party may serve a written objection, for good cause, within seven (7) days after service of the identification, in which case the objection shall be resolved in accordance with the procedure set forth in Paragraph 12, and no AEO material shall be disclosed to that representative while the objection remains pending.

Except as provided in subparagraphs (f), (g), (i), and (j) of this Paragraph, AEO material shall not be disclosed to any Party or to any officer, director, employee, or other personnel of any Party. Counsel receiving AEO material shall not use it, and shall not permit it to be used, to counsel or advise any client concerning any business, commercial, or competitive matter outside this Action.

**10. Experts and Consultants.** CONFIDENTIAL or AEO material may be disclosed to an expert or consultant (including the expert's or consultant's necessary staff) who is retained by a Party or its counsel to assist in the Action, is not a current officer, director, or employee of a Party or of a competitor of a Party, and executes the Acknowledgment attached as Exhibit A before receiving any protected material. In addition, before any AEO material is disclosed to an expert or consultant, the Party seeking to make the disclosure shall serve on the Designating Party a written identification of the expert or consultant, including his or her name, business address, current employer, curriculum vitae, and a list of engagements during the preceding four (4) years for any Party or any competitor of the Designating Party. The Designating Party may serve a written objection, for good cause, within seven (7) days after service of the identification. The Parties shall promptly meet and confer regarding any objection, and if the objection is not resolved, the objecting Party shall raise the dispute with the Court in accordance with Paragraph 2.C of the Court's Individual Practices within seven (7) days after the meet-and-confer, failing which the objection is waived. No AEO material shall be disclosed to the challenged expert or consultant while a timely objection remains pending. Absent a timely objection, disclosure may proceed upon expiration of the objection period.

**11. Use Restrictions.** Discovery Material designated under this Order, and all information derived from it, shall be used solely for the prosecution, defense, or settlement of the Action and for no other purpose, including any business, commercial, competitive, or personal purpose, or any other litigation or proceeding, except as required by law or court order and subject to Paragraph 15. Nothing in this Order restricts any Party's use or disclosure of its own Discovery Material, or of information lawfully obtained outside of discovery in the Action. Confidential Information and AEO Information must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Confidential Information and AEO Information may not be exported outside the United States or released to any foreign national (even if within the United States). No Party may remove, or cause to be removed, Confidential Information and AEO Information produced by another Party from the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Confidential Information and AEO Information (including copies) in physical and electronic form. The viewing of Confidential Information and AEO Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

**12. Challenges to Designations; Over-Designation.** A Receiving Party may challenge any designation at any time; a failure to challenge at the time of production is not a waiver or admission. The challenging Party shall first give written notice identifying the challenged material, and the Parties shall meet and confer in good faith within seven (7) days. If the dispute is not resolved, either Party may raise it with the Court in accordance with Local Civil Rule 37.2 and Paragraph 2.C of the Court's Individual Practices. On any challenge, the Designating Party bears the burden of establishing that each challenged designation satisfies Rule 26(c) and the standards of this Order, including, for AEO designations, each of the criteria of Paragraph 4, regardless of which Party brings the dispute to the Court. Challenged material shall retain its designation until the challenge is resolved. The repeated designation of Discovery Material as AEO without substantial justification may be grounds for relief, including re-designation, an award of the reasonable expenses (including attorneys' fees) incurred in challenging the designations, and such other relief as the Court deems appropriate.

**13. Filing with the Court; No Automatic Sealing.** This Order does not, by itself, authorize the filing of any document under seal, and the designation of Discovery Material under this Order does not, by itself, establish good cause or any basis to overcome the presumption of public access to judicial documents recognized in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). A Party seeking to file protected Discovery Material under seal or in redacted form shall comply with S.D.N.Y. Standing Order 21-mc-13, Section 6 of the S.D.N.Y. ECF Rules & Instructions, and Section 8 of the Court's Individual Practices. A Party intending to file another Party's or a non-party's designated material shall give the Designating Party reasonable advance notice, and the Designating Party shall bear the burden of seeking leave to seal or redact its own material. The use of designated material at trial or any public hearing shall be addressed by separate order of the Court.

**14. Non-Party Material.** A non-party producing Discovery Material in the Action may designate its material under, and shall be entitled to the protections of, this Order by agreeing to be bound by it. A Party may designate as CONFIDENTIAL or AEO its own information contained in Discovery Material produced by a non-party by serving written notice on all Parties within fourteen (14) days after the Party's receipt of the non-party production, during which period the material shall be treated as CONFIDENTIAL.

**15. Protected Material Subpoenaed in Other Proceedings.** If a Receiving Party is served with a subpoena, demand, or order issued in another action or proceeding that seeks Discovery Material designated under this Order, the Receiving Party shall promptly notify the Designating Party in writing, shall inform the issuing party that the material is subject to this

Order, and shall not produce the material before the date required for compliance, so that the Designating Party may seek appropriate relief. Nothing in this Order requires a Receiving Party to disobey a lawful court order.

**16. Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Material does not waive protection. Upon written notice of a corrected designation, the Receiving Party shall treat the material in accordance with the corrected designation, shall make reasonable efforts to retrieve any copies distributed inconsistently with it, and shall not be deemed in breach for any disclosure made before receiving the notice.

**17. Privileged Material; Rule 502(d) Order.** Pursuant to Federal Rule of Evidence 502(d), the production of any Discovery Material in the Action shall not constitute a waiver of the attorney-client privilege, work-product protection, or any other applicable privilege or protection, in this Action or in any other federal or state proceeding. Upon written notice of a claim of privilege or protection, the Receiving Party shall, within five (5) business days, return, sequester, or destroy the specified material and all copies pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), and shall not use or disclose the material or its contents except that the Receiving Party may promptly present the material to the Court under seal for a determination of the claim without disclosing its substance. Nothing in this Paragraph relieves any Party of its obligations under Local Civil Rule 26.2 with respect to the assertion and support of claims of privilege, and the Parties may agree to categorical or metadata privilege logs consistent with Local Civil Rule 26.2(c).

**18. Unauthorized Disclosure.** If a Receiving Party learns of any disclosure of designated Discovery Material to a person not authorized under this Order, it shall promptly notify the Designating Party in writing, use its best efforts to retrieve the material and all copies, and inform the unauthorized recipient of the terms of this Order and request that the recipient execute the Acknowledgment attached as Exhibit A.

**19. No Admission; Reservation of Rights.** Nothing in this Order constitutes an admission that any Discovery Material is relevant, admissible, confidential, or a trade secret, nor does anything in this Order affect the right of any Party to object to discovery or to the admissibility of evidence, to seek additional or different protection from the Court, or to seek modification of this Order.

**20. Conclusion of the Action.** Within sixty (60) days after the final termination of the Action, including all appeals, each Receiving Party shall, at the Designating Party's election, return or destroy all designated Discovery Material and all copies, and shall certify such return or

destruction in writing upon request, except that counsel of record may retain one archival copy of court filings, official transcripts and exhibits, expert reports, correspondence, and attorney work product, even if such materials contain designated information, subject to the continuing obligations of this Order. The obligations of this Order survive the termination of the Action, and the Court shall retain jurisdiction to enforce this Order following termination.

**21. Binding Effect; Modification.** This Order binds the Parties as a stipulation upon execution and, upon entry, binds the Parties, their counsel, and all persons who execute the Acknowledgment attached as Exhibit A or otherwise receive designated Discovery Material. Any violation of this Order may be punishable as contempt of Court. This Order may be modified by written stipulation of the Parties approved by the Court, or by the Court on good cause shown.

Dated: New York, New York
September 23, 2026

[THIS SPACE IS INTENTIONALLY LEFT BLANK.]

So ordered.
Denise Cote
9/24/26

Case 1:26-cv-00258-DLC Document 45 Filed 09/24/26 Page 11 of 13

**ZELOUF LAW GROUP PLLC**

By: _____/S/__________

Darren Zelouf, Esq.
225 West 37th Street, 8th Floor
New York, New York 10018
Tel: (516) 754-5766
darren@zelouflaw.com
*Counsel for Plaintiff Zelouf International Corp.*

**KAKAR, P.C.**

By: ________________________________

Sumeer Kakar, Esq.
1407 Broadway, Suite 1620
New York, New York 10018
Tel: (646) 760-7013
sk@kakarlaw.net
*Counsel for Defendants Adrianna Papell, LLC and Macy's, Inc.*

**KLARQUIST SPARKMAN, LLP**

By: ___/S/__________________________

Robert T. Cruzen (admitted pro hac vice)
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300
rob.cruzen@klarquist.com
*Counsel for Defendant Amazon.com, Inc.*

Case 1:26-cv-00258-DLC Document 44 Filed 09/23/26 Page 12 of 13

SO ORDERED:

________________________________

DENISE COTE

United States District Judge

Dated: New York, New York

____________ ___, 2026

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, of ______________________________ (address), employed as ______________________________ by ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered in Zelouf International Corp. v. Adrianna Papell, LLC, et al., No. 1:26-cv-00258 (DLC) (S.D.N.Y.) (the "Order"). I agree to comply with and to be bound by all of the terms of the Order, and I understand that any violation of the Order may be punishable as contempt of Court. I will not disclose any Discovery Material designated under the Order, or any information contained therein, to any person not authorized to receive it under the Order, and I will use such material solely in connection with the above-captioned Action.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Order, even if enforcement proceedings occur after termination of the Action. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Date: ______________________________

City and State where sworn and signed: ______________________________

Printed Name: ______________________________

Signature: ______________________________